# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| **VIRIUM BV,**<br>**VFR HOLDING B.V.,**<br>**MAS ARBOS INVEST BV and**<br>**PIET MAZEREEUW BEHEER B.V.,**<br>    Plaintiffs,<br><br>vs.<br><br>**LITHIUM TECHNOLOGY**<br>**CORPORATION,**<br>    Defendant. | C. A. No. |

## COMPLAINT

## JURISDICTIONAL ALLEGATIONS

1.  The Plaintiff, VIRIUM BV ("Virium"), is a corporation organized under the laws of the Netherlands, with a principal place of business at Zuider Boerenvaart 43, 1601 CC Enkhuizen, The Netherlands.

2.  The Plaintiff, VFR HOLDING B.V. ("VFR Holding"), is a corporation organized under the laws of the Netherlands, with a principal place of business at Surinameweg 1, 2202 BB Noordwijk, The Netherlands.

3.  The Plaintiff, MAS ARBOS INVEST BV ("MAS ARBOS"), is a corporation organized under the laws of the Netherlands, with a principal place of business at Park Loverendale 1, 4357 BZ Domburg, The Netherlands.

4.  The Plaintiff, PIET MAZEREEUW BEHEER B.V. ("PIET MAZEREEUW"), is a corporation organized under the laws of the Netherlands, with a principal place of business at Venuslaan 27, 1601 RJ Enkhuizen, The Netherlands.

5. The Defendant, Lithium Technology Corporation ("Lithium"), is a corporation organized under the laws of the State of Delaware, with a principal place of business at 10397B Democracy Lane, Fairfax, Virginia.

6. Plaintiffs are deemed citizens of the Kingdom of the Netherlands.

7. Defendant Lithium is a citizen of either of the States of Delaware or Virginia.

8. This Court has jurisdiction over the parties and controversy alleged herein as the amount in controversy, exclusive of interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332(a) (2).

9. Venue is proper in the District of Delaware in accordance with 28 U.S.C. § 1391(b)(1) since Defendant is incorporated in and is a citizen of Delaware.

## FACTUAL ALLEGATIONS

### Count I
### (As to Virium)

10. By a certain Promissory Note dated as of March 6, 2009, Lithium promised to pay to the order of Virium the principle amount of Two Hundred Fifty Thousand (€250,000) Euros together with accrued but unpaid interest, as provided in a Convertible Promissory Note, a copy of which is attached hereto as Exhibit A ("Virium Note 1").

11. Lithium executed Virium Note 1 in consideration of a loan from Virium in the amount of €250,000.

12. Virium is the owner and holder of the Virium Note 1.

13. The outstanding principle balance of the Virium Note 1was due and payable in its entirety on September 30, 2011.

14. Notwithstanding demand, the entire outstanding indebtedness due under the Virium Note 1 is now due and remains unpaid.

15. All obligations of Lithium under the Virium Note 1 were to be secured, pursuant to Article IV thereof, by a certain first priority security interest in all of the tangible and intangible fixed assets including real estate of Lithium. Despite repeated requests for Lithium to secure its obligations, Lithium has failed to grant such security interest.

16. Lithium further agreed in Section 4.2 of the Virium Note 1 not to grant any security interest in any form or fashion as a pledge for any other note or any other debt without prior written consent from Virium.

17. Unless Lithium is enjoined from granting a security interest in its tangible and intangible fixed assets to any person or any entity other than the Plaintiffs herein without first granting a security interest to the Plaintiffs herein, the Plaintiffs will be irreparably harmed and have no adequate remedy at law.

18. Virium Note 1 was delivered as a sealed instrument in the State of Delaware and, under its terms, is governed by, construed and enforced in accordance with the laws of the State of Delaware (regardless of the laws that might otherwise govern under applicable principles of conflict of law in such state).

19. In the event of litigation under Virium Note 1, the non-prevailing party shall pay all reasonable out-of-pocket costs and expenses including, without limitation, reasonable attorneys fees and expenses incurred by the prevailing party.

20. Lithium and Virium, pursuant to the terms of Virium Note 1, irrevocably consented and submitted to the exclusive jurisdiction in the United States District Court of Delaware in connection with any dispute arising out of or relating to Virium Note 1 and waived any objection to venue in such district (unless such court lacks jurisdiction with respect to such dispute, in which case, each of the parties thereto irrevocably consented to the jurisdiction of the

courts of the State of Pennsylvania in connection with such dispute and waived any objection to venue in Pennsylvania).

21. There is currently due and owing the sum of €250,000 under Virium Note 1 and Lithium is liable to Virium for damages in said amount together with accrued and accruing interest and costs of collection including reasonable attorneys fees.

## Count II
## (As to Virium)

22. By a certain Promissory Note dated as of August 31, 2009, Lithium promised to pay to the order of Virium the principle amount of Two Hundred Fifty Thousand (€250,000) Euros together with accrued but unpaid interest as provided in a Convertible Promissory Note, a copy of which is attached hereto as Exhibit B ("Virium Note 2").

23. Lithium executed Virium Note 2 in consideration of a loan from Virium in the amount of €250,000.

24. Virium is the owner and holder of Virium Note 2.

25. The outstanding principle balance of Virium Note 2 was due and payable in its entirety on September 30, 2011.

26. Notwithstanding demand, the entire outstanding indebtedness due under Virium Note 2 is now due and remains unpaid.

27. All obligations of Lithium under the Virium Note 2 were to be secured, pursuant to Article IV thereof, by a certain first priority security interest in all of the tangible and intangible fixed assets including real estate of Lithium. Despite repeated requests for Lithium to secure its obligations, Lithium has failed to grant such security interest.

28. Lithium further agreed in Section 4.2 of the Virium Note 2 not to grant any security interest in any form or fashion as a pledge for any other note or any other debt without prior written consent from Virium.

29. Unless Lithium is enjoined from granting a security interest in its tangible and intangible fixed assets to any person or any entity other than the Plaintiffs herein without first granting a security interest to the Plaintiffs herein, the Plaintiffs will be irreparably harmed and have no adequate remedy at law.

30. Virium Note 2 was delivered as a sealed instrument in the State of Delaware and, under its terms, is governed by, construed and enforced in accordance with the laws of the State of Delaware (regardless of the laws that might otherwise govern under applicable principles of conflict of law in such state).

31. In the event of litigation under Virium Note 2, the non-prevailing party shall pay all reasonable out-of-pocket costs and expenses including, without limitation, reasonable attorneys fees and expenses incurred by the prevailing party.

32. Lithium and Virium, pursuant to the terms of Virium Note 2, irrevocably consented and submitted to the exclusive jurisdiction in the United States District Court of Delaware in connection with any dispute arising out of or relating to Virium Note 2 and waived any objection to venue in such district (unless such court lacks jurisdiction with respect to such dispute, in which case, each of the parties thereto irrevocably consented to the jurisdiction of the courts of the State of Pennsylvania in connection with such dispute and waived any objection to venue in Pennsylvania).

33. There is currently due and owing the sum of €250,000 under Virium Note 2 and Lithium is liable to Virium for damages in said amount together with accrued and accruing interest and costs of collection including reasonable attorneys fees.

### Count III
### (As to VFR Holding)

34. By a certain Promissory Note dated as of November 10, 2008, Lithium promised to pay to the order of VFR Holding the principle amount of Two Hundred Fifty Thousand (€250,000) Euros together with accrued but unpaid interest as provided in a Convertible Promissory Note, a copy of which is attached hereto as Exhibit C ("VFR Note 1").

35. Lithium executed VFR Note 1 in consideration of a loan from VFR Holding in the amount of €250,000.

36. VFR Holding is the owner and holder of the VFR Note 1.

37. The outstanding principle balance of VFR Note 1 was due and payable in its entirety on September 30, 2011.

38. Notwithstanding demand, the entire outstanding indebtedness due under VFR Note 1 is now due and remains unpaid.

39. All obligations of Lithium under the VFR Note 1 were to be secured, pursuant to Article IV thereof, by a certain first priority security interest in all of the tangible and intangible fixed assets including real estate of Lithium. Despite repeated requests for Lithium to secure its obligations, Lithium has failed to grant such security interest.

40. Lithium further agreed in Section 4.2 of the VFR Note 1 not to grant any security interest in any form or fashion as a pledge for any other note or any other debt without prior written consent from VFR Holding.

41. Unless Lithium is enjoined from granting a security interest in its tangible and intangible fixed assets to any person or any entity other than the Plaintiffs herein without first granting a security interest to the Plaintiffs herein, the Plaintiffs will be irreparably harmed and have no adequate remedy at law.

42. VFR Note 1 was delivered as a sealed instrument in the State of Delaware and, under its terms, is governed by, construed and enforced in accordance with the laws of the State of Delaware (regardless of the laws that might otherwise govern under applicable principles of conflict of law in such state).

43. In the event of litigation under VFR Note 1, the non-prevailing party shall pay all reasonable out-of-pocket costs and expenses including, without limitation, reasonable attorneys fees and expenses incurred by the prevailing party.

44. Lithium and VFR Holding, pursuant to the terms of VFR Note 1, irrevocably consented and submitted to the exclusive jurisdiction in the United States District Court of Delaware in connection with any dispute arising out of or relating to VFR Note 1 and waived any objection to venue in such district (unless such court lacks jurisdiction with respect to such dispute, in which case, each of the parties thereto irrevocably consented to the jurisdiction of the courts of the State of Pennsylvania in connection with such dispute and waived any objection to venue in Pennsylvania).

45. There is currently due and owing the sum of €250,000 under VFR Note 1 and Lithium is liable to VFR Holding for damages in said amount together with accrued and accruing interest and costs of collection including reasonable attorneys fees.

## Count IV
## (As to VFR Holding)

46. By a certain Promissory Note dated as of November 10, 2008, Lithium promised to pay to the order of VFR Holding the principle amount of One Hundred Thousand (€100,000) Euros together with accrued but unpaid interest as provided in a Convertible Promissory Note, a copy of which is attached hereto as Exhibit D ("VFR Note 2").

47. Lithium executed VFR Note 2 in consideration of a loan from VFR Holding in the amount of €100,000.

48. VFR Holding is the owner and holder of the VFR Note 2.

49. The outstanding principle balance of VFR Note 2 was due and payable in its entirety on September 30, 2011.

50. Notwithstanding demand, the entire outstanding indebtedness due under VFR Note 2 is now due and remains unpaid.

51. All obligations of Lithium under the VFR Note 2 were to be secured, pursuant to Article IV thereof, by a certain first priority security interest in all of the tangible and intangible fixed assets including real estate of Lithium. Despite repeated requests for Lithium to secure its obligations, Lithium has failed to grant such security interest.

52. Lithium further agreed in Section 4.2 of the VFR Note 2 not to grant any security interest in any form or fashion as a pledge for any other note or any other debt without prior written consent from VFR Holding.

53. Unless Lithium is enjoined from granting a security interest in its tangible and intangible fixed assets to any person or any entity other than the Plaintiffs herein without first granting a security interest to the Plaintiffs herein, the Plaintiffs will be irreparably harmed and have no adequate remedy at law.

54. VFR Note 2 was delivered as a sealed instrument in the State of Delaware and, under its terms, is governed by, construed and enforced in accordance with the laws of the State of Delaware (regardless of the laws that might otherwise govern under applicable principles of conflict of law in such state).

55. In the event of litigation under VFR Note 2, the non-prevailing party shall pay all reasonable out-of-pocket costs and expenses including, without limitation, reasonable attorneys fees and expenses incurred by the prevailing party.

56. Lithium and VFR Holding, pursuant to the terms of VFR Note 2, irrevocably consented and submitted to the exclusive jurisdiction in the United States District Court of Delaware in connection with any dispute arising out of or relating to VFR Note 2 and waived any objection to venue in such district (unless such court lacks jurisdiction with respect to such dispute, in which case, each of the parties thereto irrevocably consented to the jurisdiction of the courts of the State of Pennsylvania in connection with such dispute and waived any objection to venue in Pennsylvania).

57. There is currently due and owing the sum of €100,000 under VFR Note 2 and Lithium is liable to VFR Holding for damages in said amount together with accrued and accruing interest and costs of collection including reasonable attorneys fees.

### Count V
### (As to MAS ARBOS)

58. By a certain Promissory Note dated as of December 8, 2008, Lithium promised to pay to the order of MAS ARBOS the principle amount of Two Hundred Fifty Thousand (€250,000) Euros together with accrued but unpaid interest, as provided in a Convertible Promissory Note, a copy of which is attached hereto as Exhibit E ("MAS ARBOS Note").

59. Lithium executed the MAS ARBOS Note in consideration of a loan from MAS ARBOS in the amount of €250,000.

60. MAS ARBOS is the owner and holder of the MAS ARBOS Note.

61. The outstanding principle balance of the MAS ARBOS Note was due and payable in its entirety on September 30, 2011.

62. Notwithstanding demand, the entire outstanding indebtedness due under the MAS ARBOS Note is now due and remains unpaid.

63. All obligations of Lithium under the MAS ARBOS Note were to be secured, pursuant to Article IV thereof, by a certain first priority security interest in all of the tangible and intangible fixed assets including real estate of Lithium. Despite repeated requests for Lithium to secure its obligations, Lithium has failed to grant such security interest.

64. Lithium further agreed in Section 4.2 of the MAS ARBOS Note not to grant any security interest in any form or fashion as a pledge for any other note or any other debt without prior written consent from MAS ARBOS.

65. Unless Lithium is enjoined from granting a security interest in its tangible and intangible fixed assets to any person or any entity other than the Plaintiffs herein without first granting a security interest to the Plaintiffs herein, the Plaintiffs will be irreparably harmed and have no adequate remedy at law.

66. The MAS ARBOS Note was delivered as a sealed instrument in the State of Delaware and, under its terms, is governed by, construed and enforced in accordance with the laws of the State of Delaware (regardless of the laws that might otherwise govern under applicable principles of conflict of law in such state).

67. In the event of litigation under the MAS ARBOS Note, the non-prevailing party shall pay all reasonable out-of-pocket costs and expenses including, without limitation, reasonable attorneys fees and expenses incurred by the prevailing party.

68. Lithium and MAS ARBOS, pursuant to the terms of the MAS ARBOS Note, irrevocably consented and submitted to the exclusive jurisdiction in the United States District Court of Delaware in connection with any dispute arising out of or relating to the MAS ARBOS Note and waived any objection to venue in such district (unless such court lacks jurisdiction with respect to such dispute, in which case, each of the parties thereto irrevocably consented to the jurisdiction of the courts of the State of Pennsylvania in connection with such dispute and waived any objection to venue in Pennsylvania).

69. There is currently due and owing the sum of €250,000 under the MAS ARBOS Note and Lithium is liable to MAS ARBOS for damages in said amount together with accrued and accruing interest and costs of collection including reasonable attorneys fees.

### Count VI
### (As to PIET MAZEREEUW)

70. By a certain Promissory Note dated as of December 19, 2008, Lithium promised to pay to the order of PIET MAZEREEUW the principle amount of Two Hundred Fifty Thousand (€250,000) Euros together with accrued but unpaid interest, as provided in a Convertible Promissory Note, a copy of which is attached hereto as Exhibit F ("PIET MAZEREEUW Note").

71. Lithium executed the PIET MAZEREEUW Note in consideration of a loan from PIET MAZEREEUW in the amount of €250,000.

72. PIET MAZEREEUW is the owner and holder of the PIET MAZEREEUW Note.

73. The outstanding principle balance of the PIET MAZEREEUW Note was due and payable in its entirety on September 30, 2011.

74. Notwithstanding demand, the entire outstanding indebtedness due under the PIET MAZEREEUW Note is now due and remains unpaid.

75. All obligations of Lithium under the PIET MAZEREEUW Note were to be secured, pursuant to Article IV thereof, by a certain first priority security interest in all of the tangible and intangible fixed assets including real estate of Lithium.  Despite repeated requests for Lithium to secure its obligations, Lithium has failed to grant such security interest.

76. Lithium further agreed in Section 4.2 of the PIET MAZEREEUW Note not to grant any security interest in any form or fashion as a pledge for any other note or any other debt without prior written consent from PIET MAZEREEUW.

77. Unless Lithium is enjoined from granting a security interest in its tangible and intangible fixed assets to any person or any entity other than the Plaintiffs herein without first granting a security interest to the Plaintiffs herein, the Plaintiffs will be irreparably harmed and have no adequate remedy at law.

78. The PIET MAZEREEUW Note was delivered as a sealed instrument in the State of Delaware and, under its terms, is governed by, construed and enforced in accordance with the laws of the State of Delaware (regardless of the laws that might otherwise govern under applicable principles of conflict of law in such state).

79. In the event of litigation under the PIET MAZEREEUW Note, the non-prevailing party shall pay all reasonable out-of-pocket costs and expenses including, without limitation, reasonable attorneys fees and expenses incurred by the prevailing party.

80. Lithium and PIET MAZEREEUW, pursuant to the terms of the PIET MAZEREEUW Note, irrevocably consented and submitted to the exclusive jurisdiction in the United States District Court of Delaware in connection with any dispute arising out of or relating to the PIET MAZEREEUW Note and waived any objection to venue in such district (unless such court lacks jurisdiction with respect to such dispute, in which case, each of the parties thereto irrevocably consented to the jurisdiction of the courts of the State of Pennsylvania in connection with such dispute and waived any objection to venue in Pennsylvania).

81. There is currently due and owing the sum of €250,000 under the PIET MAZEREEUW Note and Lithium is liable to PIET MAZEREEUW for damages in said amount together with accrued and accruing interest and costs of collection including reasonable attorneys fees.

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court enter relief and judgment in their favor and against Defendant as follows:

A. Judgment against the Defendant in the amounts found to be owed to each Plaintiff;

B. Granting preliminary and permanent injunctive relief requiring specific performance of Defendant's obligation to grant a first priority security interest in all of its tangible and intangible fixed assets to Plaintiffs;

C. Awarding Plaintiffs prejudgment interest and postjudgment interest at the contact rate, reasonable attorney's fees pursuant to the contracts and costs;

D. Granting Plaintiffs such other relief as the Court deems just and proper.

                                      FERRY, JOSEPH & PEARCE, P.A.

                                      /s/ Theodore J. Tacconelli
                                      Theodore J. Tacconelli (No. 2678)
                                      Rick S. Miller (No. 3418)
                                      824 Market Street, Suite 1000
                                      Wilmington, DE 19801
                                      Tel: (302) 575-1555
                                      ttacconelli@ferryjoseph.com
                                      rmiller@ferryjoseph.com

                                      *Attorneys for Plaintiffs*

Dated:  April 1, 2013